## Zimmerman *v.* Camp, Appellant.

*Practice, Supreme Court—Assignments of error—Amendment.*

An assignment of error to the admission of evidence which fails to set forth the full substance of the bill of exception violates rule XXIV. of the Supreme Court; but the court will in its discretion permit an amendment of the assignment at bar.

*Deed—Interlineation—Evidence.*

A judgment will not be reversed because a deed with interlineation was admitted in evidence, where the interlineation appears to have been in the same handwriting as the body of the deed, and made with the same ink and probably with the same pen; and there is nothing to indicate fraud or attempted fraud, and the interlineation itself is apparently prejudicial to the appellee rather than to the appellant.

Argued Jan 30, 1893. Appeal, No. 105, July. T., 1892, by defendant, Andrew Camp, from judgment of C. P. Lehigh Co., April T., 1892, No. 68, on verdict for plaintiff, William Zimmerman. Before PAXSON, C. J., GREEN, WILLLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Trespass for cutting trees.

At the trial, before ALBRIGHT, P. J., plaintiff claimed that he was the owner of the land on which the trees stood, and offered in evidence deed from Samuel Opp and wife to William Zimmerman, dated April 1, 1860, for a messuage and tract of land situate in Lynn township, Lehigh county, deed duly acknowledged, but not recorded, and alleged to include the prem-

ises in controversy in this case. Objected to for the reason that there are interlineations and alterations in the description of the premises conveyed. Counsel for the plaintiff states that the interlineations and alterations do not refer to or concern the disputed line.

By the Court: It appearing to the court by an inspection of the deed that the interlineation of "and one" affecting a certain short line would change the survey against the plaintiff who now offers the deed in evidence and seemingly would make the disputed line more favorable to the defendant than if the interlineation were rejected—in other words, that the interlineation does not unfavorably affect the defendant—therefore the objection is overruled. Exception. [1]

The court also admitted under objection and exception a patent from the commonwealth to the plaintiff [2]; the notes of testimony of a witness, now deceased, at a former trial [3]; and the record of the former trial between the same parties. [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4), rulings on evidence as above, but not quoting in the specification the bills of exception or evidence—corrected by amended specifications filed at bar.

*Edward A. Anderson, John H. Fow* with him, for appellant, cited: Morris v. Vanderen, 1 Dall. 64; Jordan v. Stewart, 23 Pa. 244; Burgwin v. Bishop, 91 Pa. 336; Craighead v. Mc-Loney, 99 Pa. 211; Robinson v. Myers, 67 Pa. 16.

*John Rupp,* for appellee, not heard, cited: Withers v. Atkinson, 1 Watts, 236; Robinson v. Myers, 67 Pa. 9; Burgwin v. Bishop, 91 Pa. 336; Jordan v. Stewart, 23 Pa. 244.

PER CURIAM, February 13, 1893:

None of the specifications of error as originally filed is assigned in accordance with the rules of court. An amendment was allowed at bar which brings the principal specification within our rules. An examination of the case shows that it is without merit. The main ground of complaint was that the learned judge below admitted in evidence the interlined deed from Samuel Opp and wife to William Zimmerman. The ob

jection to the deed was that no evidence had been offered to explain the interlineation. The learned judge below held, after an inspection of the deed, that the interlineation did not unfavorably affect the defendant. The interlineation appears to have been in the same handwriting as the body of the deed and made with the same ink and probably with the same pen. There was nothing to indicate fraud or attempted fraud in the interlineation, and as it was apparently prejudicial to the party offering the deed, we do not think its admission was error.

Judgment affirmed.